UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------
In re

    JODI A. CUNNINGHAM                               12-11897 B
    JEANETTE L. DELGADO                               12-11904 B
    PAUL R. DOUGHERTY                                  12-11912 B
    JUDD R. SEASTEDT                                     12-11915 B
    ORLANDO GONZALEZ                                  12-11922 B

                  Debtors                                         DECISION & ORDER
------------------------------------------------------

                          Matthew Allen Lazroe, Esq,
                          37 Franklin Street, Suite 750
                          Buffalo, New York 14202
                          Attorney for the Debtors

                          Jason S. DiPonzio, PC
                          Jason S. DiPonzio, Esq., of counsel
                          420 Reynolds Arcade Building
                          16 East Main Street
                          Rochester, New York 14614
                          Attorney for the County of Chautauqua

Bucki, Chief USBJ, W.D.N.Y.

      The deciding issue in this dispute is whether the debtors have proposed a cure that is sufficiently prompt to enable them to assume an executory contract pursuant to 11 U.S.C. § 365(b)(1).

      In each of these Chapter 13 cases, the debtors continue to occupy a residence that they previously owned prior to the completion of a tax foreclosure by the County of Chautauqua. Subsequent to the foreclosure, however, each of the debtors entered into an agreement to reacquire the foreclosed property from the County. Pursuant to these agreements, the former owners promised to pay twelve equal monthly installments that would aggregate to the amount that would have been due for delinquent taxes plus interest and penalties. The debtors further pledged to pay any current taxes and to comply with all building and other codes relative to maintenance of the property. For its part, the County agreed that if the former owners satisfied all of their contractual obligations, then the

County would "convey its interest in the property . . . to the Foreclosed Owner by Quit-Claim Deed, and the tax lien shall be deemed satisfied in full." However, in the event that they breached the agreement, the former owners would "forfeit all payments made." The reacquisition agreement would further "be deemed null and void," and the County could then "sell the property . . . at public auction with Foreclosed Owner having no further interest in said property."

Under the terms of the reacquisition agreements, Jodi A. Cunningham, Jeannette L. Delgado, Paul R. Dougherty, Judd R. Seastedt and Orlando Gonzalez agreed to complete their respective installments by dates that range from May 17, 2011, to April 19, 2012. However, in each instance, these former owners defaulted in making the required monthly payments. Consequently, the County of Chautauqua advertized its intent to sell the properties at auction on June 16, 2012. Before the auctions could occur, on either June 14 or June 15, the five former owners filed separate petitions for relief under Chapter 13 of the Bankruptcy Code. Concerned that section 362 of the Bankruptcy Code might have imposed an automatic stay, Chautauqua County cancelled the auctions. The County now brings the present motions for stay relief to allow the auctions to proceed. In opposing these motions, the debtors seek an opportunity to pay the delinquent taxes through a plan under Chapter 13.

Counsel assert vastly divergent views regarding the nature of their clients' interest in the foreclosed properties. Overlooking the effect of a tax foreclosure, the debtors claim a continuing ownership interest that entitles them to redeem the properties through the bankruptcy process. In contrast, the County argues that the foreclosure terminated any ownership rights of the debtors and that the reacquisition agreements created no new property interests. The County's attorney directs our attention to the legislative resolution that authorized the County to execute the reacquisition agreements. Paragraph 7 of that resolution admonishes that it "shall not be interpreted or construed . . . as conferring any rights whatsoever on prospective purchasers and transferees of tax foreclosure properties,

including foreclosed owners, mortgagees, and other parties with a prior interest in the property."

Both sides misstate the rights of the parties. The debtors cite no defect or irregularity that might serve as a basis to challenge the validity of the tax foreclosures. Pursuant to the New York Real Property Tax Law, the County of Chautauqua acquired title to the properties upon the entry of a default judgment in the tax foreclosure proceeding. *See Wisotzke v. Ontario County*, 409 B.R. 20 (W.D.N.Y. 2009), *aff'd*, 382 Fed. Appx. 99 (2nd Cir. 2010), *In re Johnson*, 449 B.R. 7 (Bankr. W.D.N.Y. 2011). Consequently, the debtors must accept the fact that they no longer retain an ownership interest in the real estate. On the other hand, the County has executed a reacquisition agreement with each of the debtors. Although the Chautauqua County Legislature might have intended that its resolution would not itself confer a property interest, the reacquisition agreements stand apart from any legislative enactment. As a contract between its signatories, each reacquisition agreement creates rights that the parties can enforce, but subject to all of the limitations of the Bankruptcy Code.

After executing the reaffirmation agreements, the debtors remained in possession of their respective residences. Pursuant to 11 U.S.C. § 362(a)(3), the filing of a bankruptcy petition operates to stay "any act to obtain possession of . . . property from the estate." Here, an auction sale would serve to facilitate a change of possession. Consequently, the County has appropriately brought the present motion for stay relief as a prelude to any auction sale. Nonetheless, section 362(d) of the Bankruptcy Code provides that "the court shall grant relief from the [automatic] stay . . . for cause." As owner of the properties in question, Chautauqua County has a right to their possession, except to the extent that the debtors may now retain rights as a contract vendee.

The reacquisition agreements contemplated future performance by both the debtors and the County: the debtors agreed to pay an amount due for taxes, interest and penalties; the County agreed to convey title upon completion of payments. For this reason,

we must treat the agreements as executory contracts that become subject to the requirements of 11 U.S.C. §365. Subdivision (d)(2) of this section provides generally that in a case under Chapter 13, "the trustee may assume or reject an executory contract . . . at any time before the confirmation of a plan." However, to assume an executory contract that is in default, the parties must fulfill the requirements of 11 U.S.C. § 365(b)(1), which provides in relevant part as follows:

> "If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee – (A) cures, or provides adequate assurance that the trustee will promptly cure, such default . . . ; (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and (C) provides adequate assurance of future performance under such contract or lease."

In the present instances, the time for final payment under the reacquisition agreements has expired. Consequently, the debtors have no further need to provide adequate assurance of future performance. Rather, the issue is here limited to whether the debtors have enabled the Chapter 13 trustee to effect a prompt cure of default and prompt compensation for any pecuniary loss that the respective defaults might have caused to the County.

In their respective cases, the debtors have proposed plans that contain no provision for any lump-sum payment to the trustee, but which are instead funded through equal monthly payments extending over a period of approximately five years. Even if the debtors were to make timely payments as proposed, their plans will need from two to five years to cure the outstanding defaults in the reacquisition agreements. Such an arrangement will not allow for prompt cure and compensation for loss. Consequently, the trustee will lack sufficient means to satisfy the prerequisites that 11 U.S.C. § 365(b)(1) has set for assumption of the reacquisition agreements. Without an assumption of these executory contracts, the County of Chautauqua retains all rights of ownership, including a right to possession that is unfettered by any contract for repurchase. Cause exists, therefore, to grant the requests for relief from the automatic stay.

The court acknowledges the hardships that result from an eviction and the loss of one's home. In all of these cases, however, the debtors failed to pay real estate taxes over an extended period of time. Even after receiving proper notice from the County, the debtors defaulted in responding to a legitimate tax foreclosure. Then, even after the transfer of title, the County allowed a further opportunity to reacquire the properties. But again, the debtors have defaulted in their commitments under the reacquisition agreements. Having presented no proposal for prompt cure of this last default, the debtors must now face the consequences of their delinquency. The Bankruptcy Code simply recognizes no further basis to interfere with the collection of taxes.

For the reasons stated herein, the motion of the County of Chautauqua for stay relief is granted. To the extent that they are able, the debtors may propose an alternative plan that addresses the circumstance of a forfeiture of possession of the current residences.

So ordered.

Dated:    Buffalo, New York          /s/    CARL L. BUCKI
         January 18, 2013           Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.